UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

ARTHUR A.[1]

                    Plaintiff,

v.                                                      1:21-CV-212 (JLS)

COMMISSIONER OF SOCIAL SECURITY,

                    Defendant.

_____

## DECISION AND ORDER

Plaintiff Arthur A. brought this action under 42 U.S.C. § 405(g), seeking review of the decision made by the Commissioner of the Social Security Administration finding that he was not disabled.  Dkt. 1.  Plaintiff moved for judgment on the pleadings.  Dkt. 5.  The Commissioner responded, filing a consent motion for judgment on the pleadings and order reversing and remanding the Commissioner's decision for further administrative proceedings.  Dkt. 8.  Plaintiff filed a response, to which the Commissioner replied.  Dkt. 9, 10.  For the reasons below, the Court grants the Commissioner's motion to vacate and remand the case for further administrative proceedings under the sentence four of 42 U.S.C. § 405(g).

---

[1] Pursuant to the Western District of New York's November 18, 2020 Standing Order regarding the naming of plaintiffs in Social Security decisions, this decision and order identifies Plaintiff by first name and last initial.

## PROCEDURAL HISTORY

On November 11, 2017, Plaintiff applied for a period of Disability Insurance Benefits ("SSD") under Title II of the Social Security Act. Tr. 67.[2] Plaintiff's application was initially denied, after which he timely requested a hearing before an Administrative Law Judge ("the ALJ"). On December 16, 2019, Plaintiff appeared before the ALJ, Hortensia Haaversen. Tr. 30-58. On April 16, 2020, ALJ Haaversen issued a written decision finding Plaintiff not disabled under the Social Security Act. Tr. 12-29. On December 8, 2020, the Appeals Council ("AC") denied Plaintiff's request for review, rendering the ALJ's decision the final decision of the Commissioner. Tr. 1-6. Thereafter, Plaintiff timely sought judicial review in this Court.

## LEGAL STANDARDS

### I.   District Court Review

Judicial review of disability claims under the Act is limited to whether the Commissioner's decision is supported by substantial evidence and whether the correct legal standards were applied. *See* 42 U.S.C. § 405(g); *Cichocki v. Astrue*, 729 F.3d 172, 177 (2d Cir. 2013). The Commissioner's factual findings are conclusive when supported by substantial evidence. *See Biestek v. Berryhill*, 139 S. Ct. 1148, 1152 (2019). "Substantial evidence" is "more than a mere scintilla" and "means such relevant evidence as a reasonable mind might accept as adequate to support a

---

[2] The filing at Dkt. 4 is the transcript of the proceedings before the Social Security Administration. All references to Dkt. 4 are hereby denoted "Tr. __."

conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal quotation marks and citation omitted).

While the Court does not determine *de novo* whether the claimant is disabled, the Commissioner's conclusions of law are not given the same deferential standard of review. *See Byam v. Barnhart*, 336 F.3d 172, 179 (2d Cir. 2003). If there is a reasonable doubt as to whether the ALJ applied the correct legal standards, then upholding the determination "creates an unacceptable risk that a claimant will be deprived of the right to have his disability determination made according to correct legal principles." *Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987); *see Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (quoting *Cruz v. Sullivan*, 912 F.2d 8, 11 (2d Cir. 1990)) (holding that the Court's review for legal error ensures "that the claimant has had a full hearing under the . . . regulations and in accordance with the beneficent purposes of the . . . Act.").

## II.   **Disability Determination**

Disability under the Act is determined under a five-step test. *See Bowen v. City of New York*, 476 U.S. 467, 470-71 (1986); 20 C.F.R. § 404.1520. First, the ALJ must determine whether the claimant is currently engaged in substantial gainful activity. 20 C.F.R. § 404.1520(b). "Substantial gainful activity" is work activity that involves significant physical or mental activities and is normally done for pay or profit. *Id.* § 404.1572. If the ALJ finds that the claimant is engaged in substantial gainful activity, the claimant cannot claim disability. *Id.* § 404.1520(b).

Second, the ALJ must determine whether the claimant has a medically determinable impairment or a combination of impairments that significantly limits the claimant's ability to perform basic work activities. 20 C.F.R. § 404.1520(c). Absent such impairment, the claimant may not claim disability. *Id.*

Third, the ALJ must determine whether the claimant meets or medically equals the criteria of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. § 404.1520(d). If such criteria are met, then the claimant is declared disabled. *Id.* § 404.1520(d).

Even if the claimant is not declared disabled under the third step, the ALJ may still find disability under the next two steps of the analysis. The ALJ must determine the claimant's residual functional capacity ("RFC"). 20 C.F.R. § 404.1520(e). The RFC is a holistic assessment of the claimant's medical impairments, both severe and non-severe, that evaluates the claimant's ability to perform physical or mental work activities on a sustained basis, notwithstanding limitations for collective impairments. *Id.* § 404.1545.

In the fourth step, the ALJ must determine whether the claimant has the RFC to perform past relevant work. 20 C.F.R. § 404.1520(f). If the claimant is capable of performing past relevant work, then the claimant is not disabled. *Id.* § 404.1560(b)(3). If the ALJ finds that the claimant is unable to perform past relevant work, the analysis proceeds to the fifth and final step. *Id.* § 404.1520(g)(1).

In this final analytical step, the ALJ must decide whether the claimant is able to perform any other relevant work corresponding with her/his RFC, age,

4

education, and work experience. 20 C.F.R. § 404.1560(c). Here, the burden of proof shifts from the claimant to the Commissioner to prove that a significant number of jobs in the national economy exists that the claimant can perform given her/his RFC, age, education, and work experience. *Id.* §§ 404.1520(g), 404.1560(c), 416.920(g), 416.960(c); *see Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999).

## DISCUSSION

### I.    The ALJ's Decision

In her decision, the ALJ made the following five findings of fact and conclusions of law. Tr. 17-25. First, the ALJ found that Plaintiff met the insured status requirements through December 31, 2021, and that he had not engaged in substantial gainful activity since May 10, 2016. Tr. 17. Second, the ALJ found that Plaintiff had the severe impairment of multiple sclerosis ("MS"). *Id.* Third, the ALJ found that Plaintiff did not have an impairment that meets or medically equals one of the listed impairments located in 20 C.F.R. Part 404, Subpart P, Appendix. 1. Tr. 19. Fourth, the ALJ found that Plaintiff had the RFC to perform light work as defined in 20 C.F.R. § 404.1567(b); except, he could sit "about six hours in an eight-hour workday, and stand or walk about six hours." Tr. 19-20.[3] In addition, the ALJ

---

[3] Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. 20 C.F.R. § 404.1567(b). Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. *Id.* § 404.1567(b). To be considered capable of performing a full or wide range of light work, "you must have the ability to do substantially all of these activities." *Id.* § 404.1567(b). If someone can do light work, "we determine that he or she can also do sedentary work, unless

found that Plaintiff could occasionally climb, balance, stoop, kneel, crouch, or crawl. Tr. 20.  Fifth, the ALJ determined that Plaintiff was capable of performing past relevant work as a CNC Operator.  Tr. 24.

## II.   Plaintiff's Arguments

Plaintiff makes two separate arguments in support of his motion for judgment on the pleadings.  First, Plaintiff argues that the ALJ failed to develop the record fully.  Dkt. No. 5 at 9-13.  Second, Plaintiff argues that the ALJ failed to evaluate properly his subjective complaints of pain and limitations.  *Id.* at 13-20.[4]

## III.   Defendant's Arguments

Defendant filed an unopposed motion for an order reversing and remanding the Commissioner's decision for further administrative proceedings.  Dkt. No. 8 at 4-7.[5]

## IV.   Plaintiff's Response

Plaintiff filed a response to Defendant's motion, opposing "any limitations on the scope of the remand, and further is requesting that the Court specifically direct that the Commissioner offer the Plaintiff the opportunity to testify at an

---

there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time."  *Id.* § 404.1567(b).

[4] Various attorneys within the same firm represented Plaintiff during his application process.  Tr. 30, 97.  Attorney Kenneth Hiller is the primary representative, and therefore all references to Plaintiff's counsel will refer to Mr. Hiller.

[5] Defendant attempted to reach a stipulation for remand with Plaintiff.  Dkt. No. 8-2 at 1.  Plaintiff's counsel did not oppose the motion for remand; however, she was unable to reach Plaintiff to discuss a stipulation.  *Id.*

administrative hearing, and to offer new evidence." Dkt. No. 9 at 1-4.  Plaintiff

argues that the remand order should: (1) instruct the ALJ to attempt to obtain an

opinion from Dr. Haddad and to re-assess Plaintiff's RFC based on any acquired

opinion from Dr. Haddad, (2) direct that if the ALJ is unable to obtain an admissible

medical opinion from Dr. Haddad, that he or she should order either a consultative

examination or expert testimony to aid in the determination of Plaintiff's claim, (3)

that the ALJ should obtain updated medical evidence relative to Plaintiff's medical

condition on and after December 8, 2020, and (4) that Plaintiff should be offered the

opportunity to testify at a new administrative hearing.  *Id.* at 2.

## V.    Defendant's Reply

Defendant filed a reply to Plaintiff's response.  Dkt. No. 10.  Defendant

summarized that, upon remand, the agency should: (1) attempt to obtain a missing

opinion from Plaintiff's provider, George Haddad, M.D.; (2) further develop the

medical record up to and including December 31, 2021; (3) re-assess Plaintiff's

functioning based on the opinion and all other relevant evidence in the record; (4)

offer Plaintiff the opportunity for a hearing; and (5) issue a new decision.  *Id.*

Defendant also clarified that the ALJ need only obtain evidence through Plaintiff's

date last insured of December 31, 2021.  *Id.* at 4.

## VI.   Analysis

Both parties agree remand is required due to the ALJ's failure to exhibit and

evaluate the medical opinion of treating source George Haddad, M.D.  Both parties

also agree that, on remand, the record should be fully developed through Plaintiff's

date last insured, the ALJ should re-assess Plaintiff's functioning based on the evidence in the record, Plaintiff should be afforded the opportunity for a hearing, and the ALJ should issue a new decision. The Court agrees that remand is required for the reasons agreed to by the parties.

In addition to the agreed-upon matters to be addressed on remand, Plaintiff requests that this Court remand with specific instructions to the ALJ to obtain a consultative examination or testimony from a medical expert if Dr. Haddad is unable to provide an opinion. Dkt. No. 9. Defendant opposes Plaintiff's request that the Court order the Administration to obtain a consultative examination or expert testimony in the event Dr. Haddad's opinion is unavailable. Dkt. No. 10 at 2. The Court declines to direct the ALJ to obtain additional evidence in the form of a consultative examination or medical expert.

Under sentence four of Section 405(g) district courts have the authority to affirm, reverse, or modify a decision of the Commissioner "with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). The Second Circuit has held that district courts have the discretion to define the scope of remand. *See Talyosef v. Saul*, 848 F. App'x 47, 49 (2d Cir. 2021) (district court did not abuse its discretion by remanding on only the limited issue of whether there is available work in the local and national economics that claimant can perform); *see Frank K. v. Comm'r of Soc. Sec.*, 371 F. Supp. 3d 163, 170 (D. Vt. 2019) ("District courts remanding a social security case also have the power to limit the scope of the

remand."). Therefore, it is within the Court's discretion to limit issues addressed on remand.

To be sure, parties agree remand is required to obtain Dr. Haddad's statement. However, the Court adds the following. It is clear from the record that Plaintiff's counsel bore some responsibility for deficiency in the record. *Vincent v. Comm'r of Soc. Sec.*, 651 F.3d 299, 305 (2d Cir. 2011). And Plaintiff is in the best position to remedy the deficiency in the record by submitting the statement from Dr. Haddad, which he has in his possession.

In general, the non-adversarial nature of Social Security proceedings does not relieve Plaintiff's counsel of the obligation to act "with reasonable promptness to help obtain the information or evidence that the claimant must submit under our regulations, and forward the information or evidence to us for consideration as soon as practicable." 20 C.F.R. § 404.1740(b)(1).

At the time of Plaintiff's hearing, his counsel was in possession of Dr. Haddad's treating source statement. Plaintiff's counsel informed the ALJ that he had an undated, but "recent," medical source statement from treating provider, Dr. Haddad. Tr. 33-34. The ALJ asked if counsel could have Dr. Haddad date the statement, to "ask a hypothetical based on that assessment" to the vocational expert ("VE"), and to submit the statement into the record. Tr. 34.

While obtaining testimony from the VE, the ALJ asked counsel to "please ask a hypothetical based on the assessment I haven't seen from Dr. Haddad and any other follow-up that you think you might [have.]" Tr. 53. Counsel proceeded to

present a hypothetical to the VE based on the limitations provided by Dr. Haddad.
Tr. 53-54. The ALJ indicated that she would hold the record open until the end of
January to allow for additional submissions. Tr. 35. Ultimately, the ALJ held
Plaintiff's case open for four months after the hearing. Counsel submitted
additional records on December 17, 2019 (Tr. 490, 532) and December 23, 2019 (Tr.
481); however, none of the post-hearing submissions by counsel contained Dr.
Haddad's statement.

   To be sure, the ALJ also bears some responsibility in the failure to obtain the
missing statement. The ALJ did not follow-up to her hearing request that Dr.
Haddad's statement be dated and submitted. *See* 20 C.F.R. § 404.1512(b)(1) (ALJ
will make an initial request for evidence from plaintiff's medical source or entity
that maintains the medical source's evidence . . . if the evidence has not been
received, we will make on follow-up request). Plaintiff's counsel is in possession of
Dr. Haddad's statement and, therefore, is in the best position to provide the
statement to the Administration on remand.[6]

   At the Administrative level, counsel has the obligation to submit evidence on
Plaintiff's behalf. Plaintiff bears the responsibility:

> to prove to [the Administration] that [he is] blind or disabled. [Plaintiff]
> must inform us about or submit all evidence known to you that relates
> to whether or not you are blind or disabled (see § 404.1513). This duty
> is ongoing and requires [Plaintiff] to disclose any additional related
> evidence about which [he] become[s] aware. This duty applies at each
> level of the administrative review process, including the Appeals

---

[6] Plaintiff's counsel failed to submit Dr. Haddad's statement after Plaintiff's
hearing, did not ask for additional time to submit evidence, nor did counsel submit
the statement to the AC or to this Court.

Council level if the evidence relates to the period on or before the date of the administrative law judge hearing decision.

20 C.F.R. § 404.1512. Plaintiff's counsel "must" assist Plaintiff in obtaining evidence and complying with requests for evidence "as soon as practicable" at "any stage" of the decision-making process. *Id.* § 404.1740(a)-(b). Plaintiff's counsel had the opportunity to submit Dr. Haddad's statement to the Administration and failed to do so.

Despite counsel's failure to submit the evidence in his possession, Defendant concedes, and this Court agrees, "it was error for the agency to fail to exhibit and evaluate the opinion without good reason, and that this error requires remand." Dkt. No. 8 at 5. At the hearing, Plaintiff's attorney read parts of Dr. Haddad's opinion into the record, and it appears that the opinion was more restrictive than the ALJ's finding that Plaintiff could perform a range of light work. *Compare* Tr. 19-20 *with* Tr. 53-55. Therefore, remand is necessary for the submission and evaluation of Dr. Haddad's statement.

On remand, the ALJ will, with the assistance of Plaintiff's counsel, obtain Dr. Haddad's opinion. Based on an evaluation of the doctor's statement, additional analysis will be required in subsequent steps. Although both parties agree that remand is necessary for the submission of Dr. Haddad's opinion and subsequent evaluations, Plaintiff asserts additional remand directions are warranted. Plaintiff requests that this Court explicitly order the ALJ on remand to obtain a medical source statement from a consultative examiner or medical expert, "because if there is no medical opinion from Dr. Haddad, the record lacks a competent medical

opinion covering the entire period that will [be] before the ALJ." Dkt. No. 9 at 2-4. On remand, the Court leaves to the ALJ's discretion in the first instance, whether to obtain additional medical opinion evidence.

In particular, on remand, Plaintiff's counsel is to supply the medical source statement that she has in her possession, in addition to any other statements provided by Dr. Haddad or any other source pursuant to her regulatory duty.  20 C.F.R. § 404.1512.  The record will contain a medical source opinion from Dr. Haddad.

At that point, the ALJ "has discretion on a case-by-case basis to determine whether a consultative examination is needed, and is only required to order such an examination where the examination is necessary to resolve a conflict or ambiguity in the record." *Phelps v. Colvin*, 20 F. Supp. 3d 392, 401 (W.D.N.Y. 2014) (citing 20 C.F.R. § 404.1519a(b)(4)).  Obtaining testimony from a medical expert is also discretionary.  20 C.F.R. § 404.1513a (Administrative law judges may also ask for medical evidence from expert medical sources); *Starr v. Comm'r of Soc. Sec. Admin.*, 581 F. Supp. 3d 525, 534 (S.D.N.Y. 2022).  After the submission of Dr. Haddad's medical source statement, the ALJ will be in the best position to determine whether additional evidence from a consultative examiner or medical expert is necessary.

In addition, Plaintiff applied for SSD benefits. Tr. 15.  "To be eligible for disability benefits under Title II of the Act, a claimant must have been insured within the meaning of 42 U.S.C. § 423(c) at the onset date of his or her disability . . . ." *Rivera v. Sullivan*, 923 F.2d 964, 967 (2d Cir. 1991).  Plaintiff is not entitled to

12

benefits unless he became disabled prior to his date last insured. *See Arnone v. Bowen*, 882 F.2d 34, 38 (2d Cir. 1989). His date last insured is December 31, 2021. Tr. 17. Therefore, Plaintiff bears the burden of proving he became disabled prior to, or on, December 31, 2021. Any newly obtained medical opinion evidence must relate to Plaintiff's functioning on or before his date last insured. A consultative examination performed on remand, years after his date last insured, will be of little or no probative value to his functioning during the relevant time period.

In sum, remand is necessary for the submission and subsequent evaluation of Dr. Haddad's medical statement. On remand, the ALJ will attempt to obtain, with the assistance of Plaintiff's counsel, Dr. Haddad's medical source statement. Additionally on remand, the ALJ will further develop the medical record up to and including December 31, 2021, re-assess Plaintiff's functioning based on the opinion evidence and all other relevant evidence in the record, offer Plaintiff the opportunity for a hearing, and issue a new decision.

## CONCLUSION

For these reasons, the Court **GRANTS** the Commissioner's motion and remands the Commissioner's final decision pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative proceedings consistent with the Memorandum and Order. Dkt. 8. The decision of the Commissioner is **VACATED**, and the matter is **REMANDED** for further administrative proceedings consistent with this decision. The Clerk of Court will close this case.

SO ORDERED.

Dated:       May 31, 2023
             Buffalo, New York

_____
JOHN L. SINATRA, JR.
UNITED STATES DISTRICT JUDGE